## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN VANCE, for himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) ) ) ) | **INJUNCTIVE RELIEF DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff STEVEN VANCE, on behalf of himself and all other similarly situated individuals ("Plaintiff"), by and through his attorneys, brings this Class Action Complaint against Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM") and alleges the following:

### INTRODUCTION

1.       Every individual has a unique facial geometry that can be captured, stored, and ultimately used to identify him or her, much like a fingerprint. This and other unique identifying features derived from a person's body are known as "biometric identifiers."

2.       Since 2008, Illinois' Biometric Information Privacy Act (BIPA), 740 ILCS §14/1, *et seq.*, has prohibited the collection, storage, or dissemination of biometric identifiers and information without disclosure and consent. BIPA also requires private entities that possess

1

biometric identifiers to adopt retention and destruction policies and to take measures to prevent the release of such information.

3.     As the Illinois legislature recognized in its legislative findings, "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 750 ILCS § 14/5(c).

4.     Defendant IBM, a multinational technology company headquartered in New York state, collected, stored, and disseminated the unique facial measurements of thousands of Illinois citizens in flagrant violation of BIPA's requirements. Using a set of images from the photo-sharing service Flickr, Defendant scanned the facial geometries of approximately one million individuals and built a database containing each of their unique "craniofacial measurements." Defendant then released this database to third parties.

5.     Defendant IBM did all of this without advising any of the affected individuals that their biometric identifiers were being collected, informing them of the purpose for which the biometric identifiers were being collected, or seeking or obtaining their consent for such collection. Defendants also failed to adopt any policy whatsoever to govern their retention or destruction of the data. Each of these actions constitutes a distinct violation of BIPA.

6.     But Defendant IBM went even further, sharing this immutable, identifying information about each individual with third-party researchers, once again without consent. As a direct result of IBM's actions, these individualized facial measurements could be tied back to the Flickr accounts that originally posted the originating photos. This in turn would make it possible

for third parties to connect the individual whose biometrics were collected to other photos in which they appeared and other individuals appearing in those photos with them, subjecting them to increased surveillance, stalking, identity theft, and other invasions of privacy and fraud.

7. As the Illinois legislature recognized, and the Illinois Supreme Court confirmed in *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186 (Jan. 24, 2019), the harm to Plaintiff and Class Members has already occurred. Their biometric identifiers are no longer under their control and are available to a potentially unlimited range of unknown individuals for whatever uses they please.

8. Defendant IBM directly profits from this unlawful use of Plaintiff's and Class Members' data. On information and belief, IBM used the biometric identifiers and information of Plaintiff and Class Members to improve its own facial recognition products and to cement its market-leading position in artificial intelligence. From 2016 to 2018, IBM derived more revenue from artificial intelligence than any other company in the world. In 2018 alone, IBM's revenue from artificial intelligence products totaled more than $2.5 billion. Those products include IBM Watson Visual Recognition, which clients can use to estimate the age and gender of people depicted in images and, in some instances, identify specific individuals. IBM owns the intellectual property developed by its researchers and will not disclose the data sets used to train its Watson products.

9. As businesses worldwide compete to develop ever more advanced facial recognition technology, the race for data imperils the privacy of individuals everywhere. Illinois decided that given the risks of unwanted data collection and disclosure, its citizens needed to be the ultimate decision-makers over the fate of their unique biometric identifiers. Defendant IBM's actions robbed Plaintiff and Class Members of that power.

10.     Plaintiff brings this Complaint seeking a declaration that Defendant IBM's conduct here violated BIPA; an injunction ordering that IBM delete the relevant data, inform recipients of the data that was obtained unlawfully, and claw back the data from any third parties to whom it was disseminated; and liquidated damages of $5,000 per BIPA violation, along with attorneys' fees and costs.

## PARTIES

11.     Plaintiff STEVEN VANCE is an Illinois resident residing in the Northern District of Illinois.

12.     Defendant IBM is a New York corporation, headquartered in New York.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(d). The named Plaintiff is a citizen of a state different from Defendant. Because it is estimated that the Class will have over 10,000 members and each willful violation of BIPA is punishable by liquidated damages of $5,000, the amount sought by the Class easily exceeds the minimum of $5,000,000.

14.     This Court has personal jurisdiction over Defendant IBM because IBM used and disseminated data derived directly from Illinois-based Flickr accounts and exposed residents of Illinois to ongoing privacy risks within the state based on the collection and disclosure of their biometric data. Furthermore, many of the photographs IBM used for its unlawful extraction of biometric data were created in Illinois, uploaded from Illinois, and/or managed via Illinois-based user accounts, computers, and mobile devices. Both because of the scope of the project and the geotagging of a large percentage of affected photographs, IBM knew that its extraction of biometric identifiers and information would injure citizens living here. IBM knew or had reason

4

to know that collecting biometric data without consent would deprive Illinois citizens of their statutorily-protected privacy rights, neutralize Illinois citizens' ability to control access to their biometric identifiers and information via their Illinois-managed devices, and expose Illinois citizens to potential surveillance and other privacy harms as they went about their lives within the state. IBM also has had a large and continuous presence in Illinois for many years, with a regional headquarters and hundreds of employees in Chicago.  IBM has a registered agent in Illinois.

15.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claim occurred in Illinois. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendant.

## ILLINIOIS BIOMETRIC PRIVACY LAWS

16.     According to BIPA, "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."  740 ILCS § 14/5(c).

17.     BIPA seeks to safeguard individuals' biometric identifiers and information.

18.     Biometric identifiers include a scan of an individual's face geometry.  740 ILCS § 14/10.

19.     Biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual."  740 ILCS § 14/10.

20.     Pursuant to BIPA, a private entity, such as Defendant IBM, is: (a) prohibited from collecting or otherwise obtaining an individual's biometric identifiers and information

5

without providing written notice and obtaining a written release; (b) prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (c) prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifier or information unless specifically allowed by the statute; and (d) required to develop a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information. 740 ILCS § 14/15.

21.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS § 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS § 14/20.

## ALLEGATIONS

### I.     Allegations Related to Plaintiff

22.     Plaintiff is and has been an Illinois resident at all relevant times.

23.     Plaintiff has been a member of Flickr since 2006.

24.     In 2008, plaintiff uploaded a photo of himself and two family members to Flickr from his computer in Illinois.

25.     At no time before, during, or after the uploading of the photo did Flickr or Yahoo advise plaintiff that his facial geometry would be scanned or that his photo would be made available to others for such purposes.

26.     The IBM dataset included 61 of Plaintiff's photos, including the above-referenced photo of himself and two family members, along with the unique, individualized measurements of Plaintiff's facial geometry

6

27.     Defendant IBM never advised Plaintiff that it was scanning his facial geometry, never informed Plaintiff of the purpose for which it was collecting such data, and never sought, nor received, his consent before doing so. Defendant also failed to seek Plaintiff's consent before disclosing his biometric identifiers and information to third parties.

28.     Plaintiff would not have consented to the collection, storage, or dissemination of his biometric identifiers and information, and was injured when defendant deprived him of his legally protected right to control when, how, and to whom such information is disclosed.

## II.     Defendant IBM's Unlawful Conduct

29.     In 2014, Yahoo, then the parent company of Flickr, released to the public over 99 million photos uploaded by Flickr users as part of a single, downloadable dataset called YFC100M ("Flickr dataset"). Each image in the Flickr dataset—identified via a URL—came with information that identified the Flickr account that uploaded the picture. For many photos, the dataset also contained information about the geographic location where the photo was taken as well as "tags" users applied to the photos to describe their content.

30.     Images of Plaintiff's and Class Member's faces were among the photos in the dataset released by Yahoo.

31.     Yahoo did not receive consent from either the uploaders or subjects of the photographs before releasing them as part of the Flickr dataset. Yahoo also never advised Plaintiff or Class Members that the images would be used to develop facial recognition technology, which was one of Yahoo's announced goals in releasing the dataset.

32.     Using the Flickr dataset, Defendant IBM selected a subset of approximately one million frontal-facing images of human faces that were clear enough to permit further analysis. This subset included images of Plaintiff's and Class Member's faces.

7

33.     For each such face, Defendant IBM extracted "craniofacial measures" based on "68 face key-points." Those measures included "craniofacial distances, areas and ratios, facial symmetry and contrast, [and] skin color." IBM generated these unique, individualized measurements for Plaintiff and Class Members without seeking or receiving consent from any of them. By doing so, IBM collected, captured, and obtained Plaintiff's and Class Member's biometric identifiers in violation of 740 ILCS § 14/15(b)(3).

34.     Defendant IBM not only failed to seek consent before extracting unique facial measurements corresponding to Plaintiff and each Class Member, but also neglected even to inform Plaintiff or Class Members that such information was being collected or stored at all. It also failed to disclose the purpose and length of term for which such information was being collected, stored, and used. These failures to disclose are violations of 740 ILCS § 14/15(b)(1)-(2).

35.     Defendant IBM then took a further step that that caused an even more serious violation of Plaintiff's and Class Members' privacy, one they may never be able to fully remedy. In 2019, IBM released its own "Diversity in Faces" dataset ("IBM dataset") to third party researchers. For each of the one million photos IBM used for its research, the dataset that IBM released included a "comprehensive set of annotations of intrinsic facial features that includes craniofacial distances, areas and ratios, facial symmetry and contrast, skin color," among other data.

36.     All of the images in the IBM dataset could be traced back to the individual Flickr users that posted them.

37.     Put simply, Defendant IBM disclosed and disseminated the very biometric identifiers and information that it had illegally obtained, and did so once again without receiving authorization to do so. IBM thereby violated 740 ILCS § 14/15(d).

38.     To this day, Plaintiff and Class Members do not know which individuals or entities have accessed, stored, or made use of their unique, identifying facial measurements. BIPA was enacted to prevent precisely this sort of unbounded—and potentially irreversible-- disclosure of biometric identifiers.

39.     BIPA also contains a standalone requirement for a private entity in possession of a biometric identifier to use a reasonable standard of care to protect it from disclosure. Defendant IBM flouted this requirement by doing precisely the opposite: affirmatively releasing the information. IBM's failure to take any steps to prevent disclosure of individualized scans of facial geometry is itself a violation of 740 ILCS § 14/15(e).

40.     While remaining in possession of Plaintiff's and Class Members' biometric identifiers and information, Defendant IBM has also failed to adopt a retention schedule or guidelines for permanently destroying such identifiers once the initial purpose for collecting them has been satisfied. This is a violation of 740 ILCS § 14/15(a).

41.     All of Defendant IBM's above-mentioned violations of BIPA were willful. Pursuant to 740 ILCS § 14/20(2), Plaintiff and Class Members seek $5,000 for each such violation.

42.     In the alternative, each such violation resulted from Defendant IBM's negligence. Plaintiff and Class Members seek $1,000 for each negligent violation. 740 ILCS § 14/20(1).

43.     Defendant IBM profited by its unlawful collection, use, and dissemination of Plaintiff's and Class Member's biometric data, including but not exclusively by: (a) developing

and improving its own facial recognition technology using the insights gleaned from the data and the algorithms trained on it, and (b) cementing its brand and leading economic position within the market for artificial intelligence products.

### III. Plaintiff's and Class Members Injuries and Damages

44. As a result of Defendant IBM's unlawful conduct, as alleged herein, Plaintiff and Class Members have suffered and will continue to suffer severe consequences. Defendant's conduct has resulted in, among other things: (a) Plaintiff's and Class Members' unalterable biometric identifiers and information being collected, stored, and disseminated without their permission; and (b) Plaintiff and Class Members being deprived of the very control over their biometric identifiers and information that BIPA was designed to protect. As a result of Defendant's misconduct, Plaintiff and Class Members have no recourse for the fact that their biologically unique information has been compromised. Moreover, Plaintiff and Class Members are at heightened risk for identity theft, stalking, surveillance, and other potential injuries, are likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation.

### CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself as a class action under Federal Rule of Civil Procedure 23, seeking damages and equitable relief on behalf of the following Class for which Plaintiff seeks certification:

> **Class:** All Illinois residents depicted in photos on the Flickr photo-sharing service whose images and whose biometric identifiers or information were captured, collected, obtained, stored, disclosed, redisclosed or disseminated by Defendant IBM.

46. Excluded from the Class are: (a) Defendant IBM; (b) any parent, affiliate or subsidiary of Defendant IBM; (c) any entity in which Defendant IBM has a controlling interest;

(d) any of Defendant IBM's officers or directors; or (e) any successor or assign of Defendant IBM. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

47. Plaintiff reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

48. **Numerosity.** While the exact number of Class members is not known at this time, Defendant collected, stored, and disseminated biometric identifiers associated with almost one million images of faces culled from Flickr. Research suggests that over 30 percent of Flickr images are uploaded from the United States. If we assume that Illinois residents represent a proportional share of that total, the total number of plaintiffs in the Class would likely reach at least several thousand individuals. Consistent with Rule 23(a)(1), the proposed Class is therefore so numerous that joinder of all members is impracticable. Class Members may be identified through objective means, including objective data available to Defendant IBM regarding the images it used and the Flickr accounts with which they were associated. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or published notice

49. **Commonality and predominance.** Common questions of law and fact exist as to all Class Members. These common questions of law or fact predominate over any questions affecting only individual members of the proposed Class. Common questions include, but are not limited to the following:

      a. Whether Defendant IBM collected the biometric identifiers or information of Plaintiff and Class Members;

b.  Whether Defendant IBM stored the biometric identifiers or information of Plaintiff and Class Members;

c.  Whether Defendant IBM disseminated or disclosed the biometric identifiers or information of Plaintiff and Class Members;

d.  Whether Defendant IBM sold or profited from the biometric identifiers or information of Plaintiff and Class Members;

e.  Whether Defendant IBM provided the notice required by BIPA before collecting, storing, disseminating, or disclosing the biometric identifiers or information of Plaintiff and Class Members;

f.  Whether Defendant IBM obtained written releases from Plaintiff or Class Members before collecting, storing, disseminating, or disclosing their biometric identifiers or information;

g.  Whether Defendant IBM had in place – and disclosed to the public – the written retention and destruction policies required by BIPA;

h.  Whether Plaintiff and Class Members suffered damages as a proximate result of Defendant IBM; and

i.  Whether Plaintiff and Class Members are entitled to damages, equitable relief and other relief.

Moreover, based on Defendant IBM's public statements, there is no reason to believe it treated any of the images on which it performed a facial geometry scan differently from any others in terms of obtaining the images, the information collected, the disclosures provided or not provided, the consent obtained or not obtained, the dissemination of the biometric scans to third parties, or the existence or nonexistence of a retention and destruction schedule.  In short,

whether IBM violated BIPA's requirements is a question that can uniformly be answered for all Class Members, including Plaintiff.

50.    **Typicality.**  Plaintiff's claims are typical of the claims of the Class he seeks to represent because Plaintiff and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein.  Plaintiff has no interests to advance adverse to the interests of the other members of the proposed Class.

51.    **Adequacy.**  Plaintiff will fairly and adequately protect the interests of the proposed Class and has retained as his counsel attorneys experienced in class actions and complex litigation.

52.    **Superiority.**  A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each Class Member, while meaningful on an individual basis, may not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible.  Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system.  Moreover, individual litigation of the legal and factual issues of the case would increase the delay and expense to all parties and the court system.  A class action, however, presents far fewer management difficulties and provides the benefit of single adjudication, economy of scale and comprehensive supervision by a single court.

53.    In the alternative, the proposed Class may be certified because:

        a.    The prosecution of separate actions by each individual member of the proposed Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendant IBM;

b.      The prosecution of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

c.      Defendant IBM acted or refused to act on grounds generally applicable to the proposed Class, thereby making final and injunctive relief appropriate with respect to members of the proposed Class.

54.     Pursuant to Rule 23(c)(4), particular issues are appropriate for certification – namely the issues described in paragraph 49, above, because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

## CLAIMS FOR RELIEF

## COUNT ONE

## (VIOLATION OF BIPA – 740 ILCS § 14/15(c))

55.     Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein.

56.     As alleged above, Defendant IBM violated BIPA by unlawfully profiting from an individual's biometric identifier or biometric information, including the biometric identifiers and information of Plaintiff and Class Members.

57.     Defendant IBM's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

58.     As a direct and proximate result of Defendant IBM's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

59.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

60.     Unless and until enjoined and restrained by order of this Court, Defendant IBM's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

61.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT TWO
### (VIOLATION OF BIPA – 740 ILCS § 14/15(d))

62.     Plaintiff restates and realleges all paragraphs of this complaint as though fully set forth herein.

63.     As alleged above, Defendant IBM violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure or redisclosure; (b) the disclosure or redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure or redisclosure was not required by State or federal law or municipal ordinance; and (d) the disclosure was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

64.     Defendant IBM's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

65.     As a direct and proximate result of Defendant IBM's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

66.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

67.     Unless and until enjoined and restrained by order of this Court, Defendant IBM's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

68.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**COUNT THREE**
**(VIOLATION OF BIPA – 740 ILCS § 14/15(b))**

69.     Plaintiff restates and realleges all paragraphs of the Complaint as though fully set forth herein.

70.     As alleged in paragraphs above, Defendant IBM violated BIPA by failing to develop a written policy that it made available to the public that established a retention schedule and guidelines for permanently destroying biometric identifiers and information.

71.     Defendant IBM's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

72.     As a direct and proximate result of Defendant IBM's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

73.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

74.     Unless and until enjoined and restrained by order of this Court, Defendant IBM's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

75.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT FOUR
### (VIOLATION OF BIPA – 740 ILCS § 14/15(a))

76.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

77.     As alleged in paragraphs above, Defendant IBM violated BIPA by collecting or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, without providing the requisite written information and without obtaining the requisite written release.

78.     Defendant's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

79.     As a direct and proximate result of Defendant IBM's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

80.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

81.     Unless and until enjoined and restrained by order of this Court, Defendant IBM's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

82.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT FIVE
## (UNJUST ENRICHMENT)

83.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

84.     Defendant IBM obtained a monetary benefit from Plaintiff and Class Members to their detriment.  IBM did so by profiting off of the covert collection of the biometric identifiers and information of Plaintiff and Class Members, while exposing Plaintiff and Class Members to a heightened risk of privacy harms and depriving them of their control over their biometric data,

85.     Plaintiff and Class Members did not authorize Defendant IBM to collect, store, disclose, redisclose, disseminate, or otherwise profit off their biometric identifiers and information.

86.     Defendant IBM appreciated, accepted and retained the benefit bestowed upon them under inequitable and unjust circumstances arising from Defendant IBM's conduct toward Plaintiff and Class Members as described herein.

87.     Defendant IBM sold, leased, traded and otherwise profited from – and caused to be sold, leased, traded and otherwise profited from – Plaintiff's and Class Members' biometric identifiers and information and did not provide full compensation for the benefit received from Plaintiff and Class Members.

88.     Defendant IBM acquired and caused to be acquired Plaintiff's and Class Members' biometric identifiers and information through inequitable means in that they extracted biometric data from Plaintiff's and Class Members' online photos without permission and in violation of Illinois law.

89.     Plaintiff and Class Members have no adequate remedy at law.

90.     Under the circumstances, it would be unjust and unfair for Defendant IBM to be permitted to retain any of the benefits obtained from Plaintiff and Class Members.

91.     Under the principles of equity and good conscience, Defendant IBM should not be permitted to retain the biometric identifiers and information belonging to Plaintiff and Class Members because Defendant unlawfully obtained that information.

92.     Defendant IBM should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and Class Members, proceeds that it unjustly received from the collection, use, or dissemination of Plaintiff's and Class Members' personal information, including but not limited to the value of the intellectual property derived therefrom.

## COUNT SIX
## INJUNCTIVE RELIEF

93.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

94.     Plaintiff and Class Members have clear and ascertainable rights in need of protection – namely: (a) the right to have Defendant IBM abide by their obligations under BIPA; (b) the right to control their biometric identifiers and information; and (c) the right to privacy.

95.     Plaintiff and Class Members have no adequate remedy at law because a legal remedy cannot retrieve the biometric identifiers and information that Defendant IBM unlawfully collected, retained, disclosed, disseminated, and otherwise profited from, and cannot end the invasion of privacy caused by Defendant IBM's conduct.

96.     Plaintiff and Class Members will suffer irreparable harm, as alleged herein, from Defendants if their conduct is not so restrained, requiring injunctive relief.

97.     Plaintiff and Class Members are likely to succeed on the merits because, as alleged herein, Defendant IBM unlawfully collected, stored, disseminated, and otherwise profited from Plaintiff's and Class Members' biometric identifiers and information despite being prohibited from doing so.

98.     Plaintiff and Class Members seek injunctive relief: (a) barring Defendant IBM from any further use of Plaintiff's and Class Members' biometric identifiers and information; (b) barring Defendant IBM from continuing to collect, capture or otherwise obtain Plaintiff's and Class Member's biometric identifiers and information; and (c) requiring Defendant IBM to delete and destroy Plaintiff's and Class Members' biometric identifiers and information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven Vance, on behalf of himself and on behalf of the Class, respectfully seeks from the Court the following relief:

a.     Certification of the Class as requested herein;

b.   Appointment of Plaintiff as Class representative and his undersigned counsel as Class counsel;

c.   Award Plaintiff and members of the proposed Class damages, including statutory and punitive damages;

d.   Award Plaintiff and the proposed Class an order requiring deletion of unlawfully obtained biometric data;

e.   Award Plaintiff and members of the proposed Class equitable, injunctive and declaratory relief, including the enjoining of Defendant IBM from any further use of individuals' biometric identifiers and information; from continuing its business practices, as alleged herein; and requiring the deletion of all biometric identifiers and information in its possession, custody and control;

f.   Award Plaintiff and members of the proposed Class pre-judgment and post-judgment interest as permitted by law;

g.   Award Plaintiff and members of the proposed Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

h.   Award Plaintiffs and members of the proposed Class any further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Dated: January 24, 2020

Respectfully submitted,

/s/ Scott R. Drury
SCOTT R. DRURY

Arthur Loevy
Michael Kanovitz
Jon Loevy
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
arthur@loevy.com
mike@loevy.com
jon@loevy.com
drury@loevy.com