IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN VANCE and TIM JANECYK, for themselves and others similarly situated, | ) )   ) Case No. 20 C 577 |
| Plaintiffs, | ) ) |
| | ) Judge Charles P. Kocoras |
| v. | ) ) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
<u>CO-LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)</u>**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiffs move for an order appointing Carlson Lynch LLP ("Carlson Lynch") and Loevy & Loevy ("Loevy") as Interim Co-Lead Class Counsel ("Proposed Class Counsel") in this consumer privacy class action lawsuit. Plaintiffs have conferred with counsel for International Business Machines Corp., Inc. ("IBM"), which takes no position on the motion.

**I.      INTRODUCTION**

Plaintiffs move this Court to exercise its authority under Federal Rule of Civil Procedure 23(g) to make the above-referenced appointments. As shown below, Proposed Class Counsel's experience prosecuting and successfully resolving complex class actions, including other Biometrice Information Privacy Act ("BIPA") cases, their demonstrated knowledge of applicable BIPA related privacy jurisprudence, and their proven willingness and ability to devote resources necessary to ensure the vigorous and efficient prosecution of this litigation demonstrate that they are well-qualified to serve as Plaintiffs' Interim Co-Lead Class Counsel. For these reasons, and those that follow, the appointment of Proposed Class Counsel is appropriate to protect the interests

of the putative class members and to promote the fair and efficient resolution of this significant controversy.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, IBM released to the public its dataset containing the faces and biometric information and identifiers of at least a million individuals. ¶ 43.[1] Unbeknownst to Plaintiffs and class members and without their consent, IBM found these photographs online, downloaded them, and performed facial analysis on them, capturing Plaintiffs' and class members' unique facial geometry to create faceprints that are unique to each individaul. ¶¶ 43-46. Plaintiffs allege that, by doing so, IBM unlawfully captured and collected their protected biometric identifiers and information (collectively "biometrics") in violation of Sections 15(a) and (b) of Illinois' Biometric Information and Privacy Act ("BIPA"), 740 ILCS §14/1, *et seq*. Plaintiffs and class members further allege that IBM violated Sections 15(c)-(e) of BIPA by profiting from its use of their biometrics, by disseminating them to the public, and by otherwise failing to safeguard the biometrics.

On January 22 and 24, 2020, the law firms of Carlson Lynch and Loevy & Loevy respectively filed class action complaints alleging the unlawful conduct described above – namely, *Janecyk v. Int'l Bus. Machines Corp.*, No. 20-CH-833 (Cir. Ct. Cook Cty.) and *Vance v. Int'l Bus. Machines Corp.*, No. 1:20-cv-577 (N.D. Ill.). On February 3, 2020, IBM removed *Janecyk* to the Northern District of Illinois, case number 1:20-cv-00783, where it eventually was reassigned to this Court and consolidated with *Vance*. Dkt. 16. Since consolidation, the parties have filed the SAC and fully briefed IBM's motion to dismiss.

---

[1] "¶" refers to paragraphs in the Second Amended Class Action Complaint ("SAC"), Dkt. 19.

After meetings and deliberations, Plaintiff Janecyk's and Plaintiff Vance's counsel self-organized, agreeing that it would be in the best interests of the class to form a unified front and cooperatively litigate the claims arising from IBM's collection and use of Plaintiffs' and class members' biometrics. In accordance therewith, Plaintiffs' counsel submit this application for appointment as interim co-lead counsel.

### III. ARGUMENT

#### A. Appointing Interim Co-Lead Class Counsel is Appropriate at this Juncture.

Rule 23(g) authorizes the Court to designate interim lead counsel to act on behalf of the putative class before a class certification decision is made. *See* Fed. R. Civ. P. 23(g)(3). The rule contemplates early appointment of counsel to act on behalf of the proposed class, without regard to whether there are competing applications. *See, e.g.*, *Tolmasoff v. General Motors, LLC*, No. 16-cv-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow" and "the Court believe[d] that it would be beneficial to formally identify the counsel responsible, at this pre-certification stage, for protecting the interests of the putative class members"); *Roe v. Arch Coal, Inc.*, No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (appointing interim class counsel despite the absence of competing applications for appointment because the pending case "would benefit from designated interim class counsel for efficient case management.").

By designating interim counsel now, this Court will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION ("MCL") § 21.11 (4th ed. 2004). This is particularly appropriate in a case like this one, where IBM's underlying conduct has received

3

widespread publicity and renewed interest based on IBM's contention that it no longer intends to develop or use facial recognition software, and where the press and counsel have contacted Plaintiffs' counsel to inquire about the litigation.[2] The appointment of Proposed Class Counsel will also facilitate a greater degree of coordination and efficiency, which will accrue to the benefit of the putative class.

### B. Proposed Class Counsel Are Well-Qualified to Represent Plaintiffs and the Proposed Class.

Before a court may appoint interim class counsel, it must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014) (citing Fed. R. Civ. P. 23(g)(2), (4)).  In doing so, it must evaluate the following factors:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources counsel will commit to representing the class . . . .

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *Smith* 301 F.R.D. at 288.  Each of these factors supports the appointment of Proposed Class Counsel.

---

[2] IBM's recent public proclamation to Congress that it intends to stop selling and developing facial recognition software received widespread press coverage and has sparked renewed interest in this litigation. *See, e.g.,* Matt O'Brien, *IBM Quits Facial Recognition, Citing Surveillance Fears, and Joins Call for Police Reforms*, Chicago Tribune (June 9, 2020), https://www.chicagotribune.com/business/ct-biz-facial-recognition-ai-ibm-20200609-moxite53cfh6hfozv2sv5jlv7i-story.html (last accessed June 22, 2020) (reporting on IBM's decision to quit facial recognition).

### 1. Proposed Class Counsel Performed Substantial Work in Investigating this Action.

Proposed Class Counsel have committed appropriate, yet substantial, time and resources working with each other toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. These actions further demonstrate their willingness and ability to cooperatively prosecute this action on behalf of the putative class to the fullest extent possible. Counsel are familiar with the facts and legal issues in this matter and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the class.

As noted above, prior and subsequent to filing their respective complaints in *Janecyk* and *Vance*, Proposed Interim Co-Lead Class Counsel independently, and later collectively, undertook an in-depth investigation into the facts, circumstances, and legal reprecutions surrounding IBM's practice of surreptitiously collecting, obtaining, using, and disseminating Plaintiffs' and class members' protected biometrics. This investigation included technical research into the innerworkings of facial recognition; the origins of IBM's Diversity in Faces Dataset – the dataset at issue here; reviewing and analyzing research papers and public statements regarding the Diversity in Faces Dataset and IBM's use of facial recognition, generally; reviewing and analyzing information associated with the photographs from which IBM harvested Plaintiffs' and class members' biometrics; and learning class members' experiences concerning the collection and dissemination of their biometrics. Moreover, each firm has devoted extensive time to researching the relevant law to prepare their initial complaints and the SAC and briefing IBM's motion to dismiss. In short, Proposed Class Counsel have conducted all of the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote substantial effort and resources necessary for advancing Plaintiffs' and the proposed class' claims.

### 2. Proposed Class Counsel Are Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in this Litigation.

Each of the proposed interim counsel and their respective firms have a track record of successfully litigating and resolving consumer class actions and other complex litigation, including consumer privacy class action litigation and BIPA class action litigaiton. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). The qualifications and experience of these firms are detailed below and in the accompanying declarations and firm resumes.[3] *See* Ex. A (Carlson Lynch Firm Resume), Ex. B (Loevy & Loevy Firm Resume).

### Carlson Lynch LLP

Carlson Lynch is a nationally recognized class action law firm with offices located in Pittsburgh, San Diego, Los Angeles, and Chicago, specializing in an array of complex class actions, including financial fraud, data breach, privacy, consumer fraud, labor and employment, antitrust, civil rights, and wage and hour laws. Carlson Lynch has a wealth of experience in some of the largest privacy class actions pending around the country, including those arising from violations of BIPA. Since 2004, the attorneys of Carlson Lynch have generated seminal legal authority in trial and appellate courts, litigated every type of class action across the county, and recovered substantial monetary awards and injunctive relief on behalf of class members.

Gary Lynch is one of the founding partners of Carlson Lynch, a nationally recognized class action law firm, and leads the firm's privacy practice group. Gary Lynch and Carlson Lynch have led some of the largest privacy class actions in the country: *In re Equifax, Inc. Customer Data Sec.*

---

[3] If the Court prefers to appoint individuals as interim co-lead class counsel, Plaintiffs respectfully seek to have Scott R. Drury and Gary Lynch appointed.

*Breach Litig.*, MDL 2800 (N.D. Ga.) (Financial Institution Track), in which preliminary approval was granted on June 5, 2020 for a class action settlement providing up to $5.5 million in direct payments to class members; *In re Home Depot Customer Data Sec. Breach Litig.*, MDL 2583 (N.D. Ga.) (Financial Institution Track), in which the court entered final approval of a class settlement in 2017, providing for approximately $27.25 million in overall monetary class benefits, excluding attorneys' fees; and *First Choice Federal Credit Union v. The Wendy's Company et al*, 2:16-cv-0506, (W.D. Pa.), where a settlement creating a $50 million common fund received final approval in 2019. All three of these cases resulted in class settlements which have or will return substantial funds to national plaintiff classes. In *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.), Carlson Lynch was appointed to the Plaintiffs' Executive Committee managing the litigation on behalf of *all* Plaintiffs (consumers, financial institution, and shareholders). A settlement agreement providing $10 million to affected individual consumers was granted final approval in November 2015. A separate settlement providing approximately $39 million in relief to financial institutions was approved in May 2016. In addition, Carlson Lynch has been appointed to many leadership committee positions in privacy class actions, the majority of which cases have also ended in favorable settlements, while others are ongoing. *See* Ex. A (Carlson Lynch Firm Resume).

      Katrina Carroll is the managing partner of Carlson Lynch's Chicago office, has recovered well over $1 billon on behalf of class members, and has experience in numerous BIPA cases, including *Monroy v. Shutterfly, Inc.*, 1:16-cv-10984, (N.D. Ill.) and *Rivera v. Google*, 1:16-cv-02714 (N.D. Ill.), two of the earliest BIPA cases that have shaped BIPA jurisprudence. *See also Cotton v. Ring LLC*, 1:20-cv-02479 (N.D. Ill.); *E.R. v. Tiktok, Inc.*, 1:20-cv-02810 (N.D. Ill.); *Marron v. Clearview*, 1:20-cv-02989 (N.D. Ill.); *Viverette v. Infusion Management Group, Inc.*,

2019-CH-05660 (Cir. Ct. Cook Cnty.); *Miracle-Pond, et al. v. Shutterfly, Inc.*, 2019-CH-07050 (1st Dist. Cook Cnty., Ill.); *Holm v. Presence Health Network*, 2017-L-012793, (1st Dist. Cook Cnty., Ill.). In *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation*, 1:15-cv-1364 (N.D. Ill.), a complex MDL where Ms. Carroll recently served as Co-Lead Counsel, the Honorable Amy J. St. Eve, now a sitting Justice of the Seventh Circuit Court of Appeals, praised Ms. Carroll's professionalism with defense counsel (Lori Lightfoot, who was then a partner at Mayer Brown) as a "model I wish all lawyers would follow."

### **Loevy & Loevy**

Over the course of more than twenty years, Loevy & Loevy has been fighting on behalf of its clients in vital and complex arenas such as civil rights, consumer and privacy cases, and whistleblower protection. The firm has won dozens of jury trials and secured hundreds of millions of dollars for its clients, including nearly $200 million in class actions settlements and verdicts alone. Loevy & Loevy's class action experience is unique in that it has tried actions to verdict, a fact that has informed and improved its pretrial handling of the class actions it litigates. In *Aranda v. Caribbean Cruise Line, Inc*, No. 1:12-cv-4096 (N.D. Ill.), on the eve of trial, Loevy & Loevy attorneys secured the largest TCPA settlement in history ($56-76 million). The firm's work has received high judicial praise. *See Flood v. Dominguez*, No. 08-cv-153 (N.D. Ind. Dec. 14, 2012) ("class counsel [from Loevy] . . . are highly experienced, highly respected and have done an outstanding job in the face of a very strong opposition."); *Aranda v. Caribbean Cruise Line, Inc.*, 2017 WL 1369741, at *9 (N.D. Ill. Apr. 10, 2017) (noting the firm's expertise in conducting class action trials and stating "that counsel provided exceptional representation for the class and prodcued high-value output") (internal quotation omitted).

Michael Kanovitz, a firm partner, concentrates his practice on class actions, constitutional law, privacy law, and whistleblower protection under the federal and state False Claims Acts. His cases have resulted in verdicts and settlements of over $150 million to his clients. Mr. Kanovitz has served as lead counsel in some of the largest civil rights class action suits in the nation. In *Dunn v. City of Chicago*, No. 04-cv-6804 (N.D. Ill.), Mr. Kanovitz secured a settlement, for three classes of persons whose rights were violated by the Chicago Police Department, resulting in $16.5 million in compensation and producing substantial changes in the Chicago Police Department's treatment of arrestees. In *Young v. County of Cook*, No. 06-cv-552 (N.D. Ill.), Mr. Kanovitz proved at a jury trial that the Cook County Jail routinely abused citizens by using violence and intimidation when strip searching them. The case resulted in policy reforms and recovery of over $100 million. In *Flood v. Dominguez*, No. 08-cv-153 (N.D. Ind.), Mr. Kanovitz obtained a settlement of over $7 million for a class of men and women who were held in inhumane conditions at the Lake County Jail in Northern Indiana. A federal judge familiar with Mr. Kanovitz's class action trial work described his "written, oral, and trial advocacy skills" as "top-notch." *See Jimenez v. City of Chicago*, 2012 WL 5512266, at *2-3 (N.D. Ill. Nov. 14, 2012). Another federal judge has stated that Mr. Kanovitz is "considered to be in the top tier of civil rights trial attorneys in the Chicago area." *Awalt v. Marketti*, 2018 WL 2332072, at *3 (N.D. Ill. May 23, 2018).

Scott R. Drury leads Loevy & Loevy's Data Privacy and Cyber-Intelligence Group which, through class action litigation, pursues justice for victims of the ever-increasing unlawful invasions of privacy that threaten American citizens. *See, e.g., Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-00512 (N.D. Ill.); *Flores v. Motorola Solutions, Inc.*, No. 1:20-cv-001128 (N.D. Ill.); *Mark S. v. College Board*, No. 1:19-cv-08068; *Kylie S. v. Pearson plc*, No. 1:19-cv-05936 (N.D.

Ill.). Mr. Drury is a former Assistant United States Attorney and former Illinois State Representative, as well as an accomplished trial lawyer. As an Assistant United States Attorney, Mr. Drury led multi-year investigations and prosecutions of complex frauds and public corruption matters. He has first-chaired numerous federal jury trials to favorable verdicts and successfully argued before the Seventh and Eighth Circuit Courts of Appeals, most recently in *Koh v. Ustich*, 933 F.3d 836 (7th Cir. 2019). After Mr. Drury successfully prosecuted a public corruption matter, the jury foreperson wrote to the U.S. Attorney's Office to state: "[t]he general consensus [of the jury] was that Scott was an outstanding example of how we want our Government represented." As a State Representative, Mr. Drury was a member of the Cybersecurity, Data Analytics and IT Committee and drafted, negotiated and passed important privacy legislation, including a critical revision to the Children's Privacy Protection and Parental Empowerment Act, 325 ILCS 17/1, *et seq.*, in order to prevent the unauthorized sale of children's data and toughest-in-the-nation legislation prohibiting the non-consensual dissemination of private sexual images (commonly referred to as "revenge porn"), 720 ILCS 5/11-23.5. Mr. Drury is an adjunct professor of law at the Northwestern Pritzker School of Law, where he teaches trial advocacy, as well as a member of the Northern District of Illinois' trial bar.

### 3. Proposed Class Counsel Are Committed to Representing and Advancing the Interests of the Class.

Proposed Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of Plaintiffs' and class members' claims. Their resumes demonstrate their records of success leading and self-financing complex consumer class action cases against some of the largest and wealthiest corporations in the world. The experience here will be no different.

Proposed Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. Tellingly, of their own accord, these firms cooperatively self-organized without the need for Court intervention or other judicial resources, which has allowed this case to progress at a swift pace. Section § 10.22 of the MCL states that "[i]n some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged." *See also* MCL § 21.272 (discussing the use of the private ordering method – where the lawyers agree who should be lead counsel – and describing it as "by far the most common" approach for making this selection). This approach has been endorsed by several courts as the "preferred" one. *See, e.g., In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, No. 1674, 2011 WL 4382942, at *2 (W.D. Pa. Sep. 20, 2011) (stating that "the private ordering method of selecting interim lead counsel has long been the preferred approach" and holding that "[t]he court sees no reason to deviate from this well-established approach.").

Proposed Class Counsel have also worked cooperatively with defense counsel in this matter. They have cooperated with IBM with respect to: (a) its requests for additional time to file its answer; (b) consolidation of *Janecyk* and *Vance*; (c) a briefing schedule for IBM's motion to dismiss; and (d) its request for additional pages in connection with its motion to dismiss. Counsel looks forward to continuing this cooperation in order to streamline discovery.

In sum, Proposed Class Counsel are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of resources and time into the prosecution of the claims against IBM. Their firms possess the resources and workforces required to continue vigorously prosecuting this litigation and, if appointed, they will do so here.

## IV. <u>CONCLUSION</u>

In view of the foregoing, Plaintiffs respectfully ask the Court to grant their motion for appointment of Interim Proposed Co-Lead Class Counsel under Fed. R. Civ. P. 23(g). A proposed order granting this relief is submitted herewith.

Dated: July 1, 2020                              Respectfully submitted,

<u>/s/ Scott R. Drury</u>                         <u>/s/ Gary F. Lynch</u>
SCOTT R. DRURY                                   GARY LYNCH

Arthur Loevy                                     Gary Lynch
Michael Kanovitz                                 Katrina Carroll
Jon Loevy                                        Kyle A. Shamberg
Scott R. Drury                                   Nicholas R. Lange
LOEVY & LOEVY                                    CARLSON LYNCH LLP
311 N. Aberdeen, 3rd Floor                       111 West Washington Street, Suite 1240
Chicago, Illinois 60607                          Chicago, Illinois 60602
312.243.5900                                     312.750.1265
arthur@loevy.com                                 glynch@carlsonlynch.com
mike@loevy.com                                   kcarroll@carlsonlynch.com
jon@loevy.com                                    kshamberg@carlsonlynch.com
drury@loevy.com                                  nlange@carlsonlynch.com

*Counsel for Plaintiffs
and the Putative Class*