**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN VANCE and TIM JANECYK, for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation,<br><br>Defendant. | Case No. 1:20-cv-00577<br><br>Hon. Charles P. Kocoras<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT IBM'S PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiffs' Third Amended Complaint ("TAC") adds two duplicative claims for violation of BIPA 740 ILCS § 14/15(d) (Counts Four and Five) and also repleads a previously dismissed claim for violation of BIPA 740 ILCS § 14/15(a) (Count Nine). These added claims—Counts Four, Five, and Nine of the TAC—should be dismissed.[1]

*First*, Counts Four and Five of the TAC are duplicative of Count Three (also for violation of BIPA 740 ILCS § 14/15(d)). Indeed, Counts Four and Five assert the same legal theory, based

---

[1] On April 1, 2021, the Court entered an order stating that the "deadline for IBM to file its answer or other responsive pleading" to Plaintiffs' TAC is "extended from April 14, 2021 to April 28, 2021." Dkt. 66. On April 28, 2021, IBM timely filed this partial motion to dismiss. IBM does not move to dismiss all of Plaintiffs' newly added allegations and claims—only Counts Four, Five, and Nine. IBM will file its answer to the other newly added claim and other allegations after resolution of this motion. *See, e.g., Vendetti v. Compass Env't, Inc.*, No. 06 CV 3556, 2006 WL 8199711, at *3 (N.D. Ill. Oct. 25, 2006) (holding that "filing of a partial motion to dismiss automatically extends [defendant's] time to answer the unchallenged counts, as if it had moved to dismiss all counts."); *Oil Exp. Nat., Inc. v. D'Alessandro*, No. 96 C 1528, 1997 WL 160753, at *2 (N.D. Ill. Apr. 1, 1997) (finding that "a partial motion to dismiss allows for altering the limits of Fed. R. Civ. P. 12(a) with respect to answering those claims not addressed in Defendants' motion.")

1

on a *subset* of the same alleged fact, as Count Three. The law is clear that "simply repackaging the same facts into two purportedly separate claims 'is the kind of formalist[ic] move that courts rightly reject,' and should result in the dismissal of duplicative claims." *DD, Karma LLC v. Paniaguas*, No. 1:20-CV-1567, 2021 WL 1239198, at *3 (N.D. Ill. Mar. 25, 2021) (quoting *Parus Holdings, Inc. v. Banner & Witcoff, Ltd.*, 585 F. Supp. 2d 995, 1006 (N.D. Ill. 2008)).

*Second*, Count Nine (violation of BIPA 740 ILCS § 14/15(a)) should be dismissed *again* because, as this Court held in its September 15, 2020 Order, "Plaintiffs lack standing to bring this claim in federal court." Dkt. 48 at 6. Indeed, Plaintiffs acknowledge that they are "realleg[ing] the previously dismissed BIPA § 15(a) … solely for purpose of preserving any appellate issues." Dkt. 60 at n.1. A "repleading of previously-dismissed claims, however, is entirely unnecessary to preserve those claims for appeal." *Hernandez v. City of Chicago*, No. 99 C 6441, 2003 WL 22433119, at *2 (N.D. Ill. Oct. 24, 2003) (citing *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682 (7th Cir. 1990)).

Because Plaintiffs' added claims are duplicative or have already been dismissed, Counts Four, Five, and Nine of the TAC should be dismissed.

## BACKGROUND AND SUMMARY OF NEW ALLEGATIONS[2]

On September 15, 2020, this Court granted IBM's motion to dismiss the Second Amended Complaint ("SAC") (Dkt. 35) as to Count Seven (state law injunctive relief) and dismissed Count One (violation of BIPA 740 ILCS § 14/15(a)) "for lack of subject matter jurisdiction." Dkt. 48. On March 29, 2021, Plaintiffs moved for leave to file the TAC. Dkt. 60. Plaintiffs' TAC added "additional factual allegations" regarding the "extent" of Defendant's alleged "conduct" and the

---

[2] IBM only focuses on the new allegations subject to its motion to dismiss. IBM does not restate all of the facts and issue presented in the case.

"Illinois connection to that conduct." *Id.* at ¶ 2. Plaintiffs also added two claims for violations of BIPA 740 ILCS § 14/15(d) (Counts Four and Five); a claim for negligent spoliation of evidence (Count Eight)[3]; and a previously dismissed BIPA § 15(a) claim (Count Nine). *Id.*

In Plaintiffs' TAC, Count Three (which Plaintiffs asserted in their Second Amended Complaint) alleges that IBM violated BIPA 740 ILCS § 14/15(d). Dkt. 64 at ¶¶ 109-115. BIPA 740 ILCS § 14/15(d) prevents a "private entity in possession of a biometric identifier or biometric information" from "disclos[ing], redisclos[ing], or otherwise disseminat[ing] a person's or a customer's biometric identifier or biometric information …" *See* BIPA 740 ILCS § 14/15(d). Count Three alleges that "IBM violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs and Class Members …" Dkt. 64 at ¶ 110. Plaintiffs further allege that IBM's "violations of BIPA were intentional and reckless, or pleaded in the alternative, negligent." *Id.* at ¶ 111. Plaintiffs allege that as a "direct and proximate result" of IBM's "violations of BIPA" that they have "suffered and will continue to suffer injury." *Id.* at ¶ 112. Plaintiffs seek as "monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages" as well as "punitive damages, injunctive relief and the reasonable attorneys' fees and costs and expenses relating to this action." *Id.* at ¶¶ 113-114.

Count Four is entirely duplicative of Count Three. In Count Four, Plaintiffs similarly allege that IBM violated BIPA 740 ILCS § 14/15(d) by "disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information …" *Id.* at ¶ 110. The only difference between Count Four and Count Three is that Count Four adds some of the specific

---

[3] Although IBM is not moving to dismiss Count Eight for negligent spoliation of evidence, IBM adamantly denies the allegations set forth in Count Eight and will address that claim on the merits.

underlying factual allegations on which the claim is based. For example, Count Four alleges that "IBM disclosed, redisclosed and disseminated the Diversity in Faces Dataset *to student researchers in Illinois who attended the University of Illinois at Urbana Champaign …*" *Id.* at ¶ 118. With the exception of this additional detail in the factual allegations, Plaintiffs' allegations related to intent, causation, injury, and damages at issue in Count Four are identical to those in Count Three. *See id.* at ¶¶ 120-124.

Count Five is also entirely duplicative of Count Three (and Count Four). For example, Count Five alleges that IBM violated BIPA 740 ILCS § 14/15(d) because "IBM disclosed, redisclosed and disseminated the Diversity in Faces Dataset *to a machine learning researcher in Illinois …*" *Id.* at ¶ 127. Again, Plaintiffs' allegations related to intent, causation, injury, and damages at issue in Count Five are identical to those in Count Three (and Four). *See id.* at ¶¶ 129-133.

In addition, Plaintiffs have "reallege[d] the previously dismissed BIPA § 15(a) count (Count One in the Second Amended Complaint and Count Nine in the proposed Third Amended Complaint)." Dkt. 60 at n.1. Indeed, the allegations with regard to Plaintiffs' claim for an alleged violation of BIPA 740 ILCS § 14/15(a) from dismissed Count One of the Second Amended Complaint is nearly identical to Count Nine of the TAC. *Cf* Dkt. 19 at ¶¶ 68-74 to Dkt. 64 at ¶¶ 175-181. In this Court's September 15, 2021 Order, it ruled that Plaintiffs' claim for violation of BIPA 740 ILCS § 14/15(a) "does not create a concrete injury as required under Article III" and "lack[s] standing[.]" Dkt. 48 at 6. Accordingly, the Court "dismisse[d] the claim under Section 15(a) for lack of subject-matter jurisdiction." *Id.* This Court's decision to dismiss Plaintiffs' BIPA§ 15(a) count was premised on the Seventh Circuit's decision in *Bryant v. Compass Group USA Inc.*, 958 F.3d 617 (7th Cir. 2020), a decision that has not been overruled, is not on appeal,

4

and there are no pending appeals related to the *Bryant* decision. Nonetheless, Plaintiffs state that they have repleaded the previously dismissed BIPA § 15(a) count "solely for purpose of preserving any appellate issues." Dkt. 60 at n.1.

## ARGUMENT

**I. Counts Four And Five Are Duplicative Of Count Three and Should Therefore Be Dismissed.**

District Courts have the inherent authority to strike duplicative counts from complaints. *Hill v. Harrington*, No. 18 C 05592, 2019 WL 4014079, at *2 (N.D. Ill. Aug. 25, 2019). Further, "[i]t is well-settled that duplicative counts in a complaint may be properly dismissed." *See DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010); *see also Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744, (7th Cir. 2014) (noting that Illinois courts require claims to be dismissed as duplicative in certain situations). Claims that "involve the same operative facts and same injury, and that require proof of essentially the same elements, are duplicative as opposed to alternative." *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014).

In the TAC, Plaintiffs assert three Counts all for a purported violation of BIPA 740 ILCS § 14/15(d)). These three Counts are based on the same operative facts—*i.e.*, IBM's alleged "disclosing, redisclosing and otherwise disseminating" individuals' biometric identifiers and information. Dkt. 64, Count Three at ¶ 110; Count Four at ¶ 118; Count Five at ¶ 127. These three Counts also involve an identical purported intent, causation, injury, and damages. *Id.* at ¶¶ 111-15; ¶¶ 120-124; ¶¶ 129-133. In addition, because these three Counts are for the same claim, they "require proof of essentially the same elements[.]" *Barrow*, 38 F. Supp. 3d at 920. Indeed, the only difference between Count Three, on the one hand, and Counts Four and Five, on the other hand, is that the latter focus on more particular factual allegations that IBM purportedly "disclosed,

5

redisclosed and disseminated the Diversity in Faces Dataset to student researchers in Illinois who attended the University of Illinois at Urbana Champaign …" *Id.* at ¶ 118, (Count Four), and that IBM purportedly "disclosed, redisclosed and disseminated the Diversity in Faces Dataset to a machine learning researcher in Illinois …" *Id.* at ¶ 127 (Count Five). But these additional alleged factual details do not give rise to additional claims separate and distinct from Count Three. Rather, they are a subset of the alleged facts on which Count Three is based. In short, Counts Four and Five are entirely subsumed within, and duplicative of, Count Three.

The Seventh Circuit has held that claims that are duplicative of other claims are properly dismissed. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004) (citations omitted) (finding that a legal malpractice claim could not be re-characterized as a breach of fiduciary duty claim or a breach of contract claim to avoid dismissal because such claims would be duplicative). Accordingly, Counts Four and Five should be dismissed. *See, e.g.*, *Kurtz v. Toepper*, No. 11 C 4738, 2012 WL 33012, at *1 (N.D. Ill. Jan. 6, 2012) (dismissing claims because they are based on the same operative facts and allege the same injury); *Nettleton v. Stogsdill*, 387 Ill.App.3d 743, 326 Ill. Dec. 601, 899 N.E.2d 1252, 1270 (2008) ("plaintiff's claims for breach of fiduciary duty and breach of contract were duplicative of her claim for legal malpractice"); *see also Dahlin v. Jenner & Block, L.L.C.*, No. 01 C 1725, 2001 WL 855419, at *9 (N.D. Ill. July 26, 2001); *Calderon v. Southwestern Bell Mobile Systems, LLC*, No. 02 C 9134, 2003 WL 22340175, at *6 (N.D. Ill. Oct. 10, 2003); *Kirkland & Ellis v. CMI Corp.*, No. 95 C 7457, 1996 WL 559951, at *10 (N.D. Ill. Sept. 30, 1996) (professional negligence and the breach of fiduciary duty claims were redundant).

### II. Plaintiffs Continue To Lack Standing To Bring A Claim For Violation Of BIPA 740 ILCS § 14/15(a).

This Court previously dismissed Plaintiffs' claim for violation of BIPA 740 ILCS § 14/15(a), finding that under *Bryant v. Compass*, 958 F.3d 617 (7th Cir. 2020), there is no standing in federal court for BIPA Section 14/15(a) claims. Dkt. 48 at 5-6. The Seventh Circuit's ruling in *Bryant* has not been overturned, is not on appeal, and continues to be binding precedent on this Court. Nonetheless, Plaintiffs have realleged the previously dismissed Count One as Count Nine in the TAC. Indeed, the allegations are identical and no additional facts or allegations have been added to Count Nine. *Cf* Dkt. 19 at ¶¶ 68-74 to Dkt. 64 at ¶¶ 175-181.

Acknowledging this fatal defect, Plaintiffs contend that they bring this claim "solely for purpose of preserving any appellate issues." Dkt. 60 at n.1. But courts in this district have consistently held that a "repleading of previously-dismissed claims is entirely unnecessary to preserve those claims for appeal." *Hernandez v. City of Chicago*, No. 99 C 6441, 2003 WL 22433119, at *2 (N.D. Ill. Oct. 24, 2003) (citing *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682 (7th Cir. 1990)). As a result, this Court should once again dismiss Count Nine of the TAC (violation pf BIPA 740 ILCS § 14/15(a)). *See Parrott v. Fam. Dollar, Inc.*, No. 17 C 222, 2020 WL 1888927, at *1 (N.D. Ill. Apr. 16, 2020) (striking "previously dismissed" counts from plaintiff's third amended complaint because it is "unnecessary and improper" to "preserve them for appeal."); *Unilever United States, Inc. v. Johnson Controls, Inc.*, No. 16-CV-01849, 2017 WL 3311038, at *1 (N.D. Ill. Aug. 2, 2017) (dismissing repleaded previously dismissed claim and finding that "[i]f [plaintiff] thinks it needs to replead an allegation that the court previously dismissed to preserve the issue, it is simply wrong.")

## CONCLUSION

For the foregoing reasons, Counts Four, Five, and Nine of Plaintiffs' TAC should be dismissed with prejudice.

Dated: April 28, 2021

Respectfully Submitted,

*/s/ Kaitlin P. Sheehan*

Lazar P. Raynal
Kaitlin P. Sheehan
David E. Lakin
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
lazarraynal@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com
davidlakin@quinnemanuel.com

Stephen A. Broome
*Admitted Pro Hac Vice*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90405
Telephone: (213) 443-3285
stephenbroome@quinnemanuel.com

**Counsel for IBM**

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Counsel for IBM hereby certifies that on April 28, 2021, the foregoing was electronically filed with the U.S. District Court Clerk, Northern District of Illinois, Eastern Division, by using the CM/ECF filing system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Kaitlin P. Sheehan*
Counsel for IBM