# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN VANCE and TIM JANECYK, for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation,<br><br>Defendant. | Case No. 1:20-cv-00577<br><br>Hon. Charles P. Kocoras<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT IBM'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiffs' brief confirms that Counts Four and Five of their TAC for alleged violation of BIPA 740 ILCS § 14/15(d)[1] should be dismissed as duplicative of Count Three. Although Plaintiffs assert that "Counts Four and Five arise from a *separate* set of operative facts than Count Three," elsewhere they concede that Counts Four and Five are in fact subsumed by the "more broadly-pled" Count Three. Dkt. 79 at 3. Indeed, Counts Four and Five: (1) require proof of the same elements as Count Three (because they are the exact same claim); (2) are based on a *subset* of the *identical* facts that Plaintiffs claim give rise to liability under Count Three; and (3) allege the same injury as Count Three. The law is clear that, under these circumstances, Counts Four and Five should be dismissed as duplicative of Count Three. *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. May 7, 2014) (dismissing claim as duplicative "as opposed to alternative" where

---

[1] BIPA § 15(d) provides that "No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless" an exception applies.

1

claim "involve[ed] the same operative facts and same injury, and [] require[ed] proof of essentially the same elements" as another claim).

Plaintiffs acknowledge that they pled Counts Four and Five solely to evade IBM's "defenses based on Illinois' extraterritoriality doctrine and the dormant Commerce Clause."[2] Dkt. 79 at 1. Under Illinois' extraterritoriality doctrine, BIPA does not apply unless Plaintiffs can show that IBM's conduct occurred "primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 854 (Ill. 2005). Similarly, the dormant Commerce Clause "precludes the application of a state statute" that has "the practical effect of … control[ling] conduct beyond the boundaries of the State," "whether or not the commerce has effects within the State." *Healey v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989). Over eight months of discovery has now confirmed that Plaintiffs' claims are foreclosed under both standards because the DiF research project on which their claims are based was conducted exclusively by IBM researchers working in New York. Accordingly, Plaintiffs now plead Counts Four and Five to "zoom in" on the fact that *two* of the approximately 325 third-party research institutions that received access to the DiF Dataset (via an online hyperlink to a database hosted on servers outside Illinois) happened to be based in Illinois at the time. By pleading claims that focus on *just* these minimal Illinois contacts—

---

[2] Plaintiffs contend that the extraterritoriality doctrine and the dormant commerce clauses are "affirmative defenses." Dkt. 79 at 1. They are incorrect. *See Hlinak v. Chicago Transit Auth.*, 2015 WL 361626, at *3 (N.D. Ill. Jan. 28, 2015) (dismissing case for "fail[ure] to state a claim under the Dormant Commerce clause" and not analyzing as an affirmative defense); *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 120 (D.D.C. 2018) (finding that "extraterritoriality does not appear to be an affirmative defense."); *Am. Trucking Associations, Inc. v. New York State Thruway Auth.*, 238 F. Supp. 3d 527, 538 (S.D.N.Y. 2017), *aff'd*, 886 F.3d 238 (2d Cir. 2018) (dormant Commerce Clause is "not an affirmative defense under Rule 8(c).") IBM included the extraterritoriality doctrine and the dormant Commerce Clause among its affirmative defenses solely out of an abundance of caution and to avoid any arguments of waiver. Dkt. 52 at 44. IBM's answer specifically states that "[b]y including the defenses herein, IBM does not admit or acknowledge that the defense is an affirmative defense on which IBM bears the burden of proof." *Id.* at 41.

and ignoring that the vast majority of events relevant to this case occurred *outside* Illinois—Plaintiffs hope to argue that IBM's conduct occurred "primarily and substantially in Illinois" at least with respect to these particular contacts and for purposes of these particular claims. But if such tactics were allowed, the extraterritoriality doctrine and dormant Commerce Clause could be easily evaded simply by focusing the Court's lens on minimal Illinois contacts while ignoring the broader scope of relevant, extraterritorial conduct. That is exactly what Plaintiffs attempt to do here with Counts Four and Five. Their tactics should be rejected and Counts Four and Five dismissed as duplicative of Count Three.

Plaintiffs' opposition also confirms that their claim for violation of BIPA 740 ILCS § 14/15(a) (Count Nine) should be dismissed *again* because Count Nine is identical to the previously dismissed Count One, and this Court already ruled "Plaintiffs lack standing to bring this claim in federal court." Dkt. 48 at 6. And courts in this district have consistently ruled that "it is simply wrong," *Unilever United States, Inc. v. Johnson Controls, Inc.*, 2017 WL 3311038, at *1 (N.D. Ill. Aug. 2, 2017), to replead a claim "*solely* to preserve any issues for appellate purposes should it become necessary." Dkt 79 at 6 (emphasis in original).

**ARGUMENT**

**I.     COUNTS FOUR AND FIVE ARE DUPLICATIVE OF COUNT THREE AND SHOULD BE DISMISSED.**

Although Fed. R. Civ. Pro. 8(d)(2) permits alternative pleadings, claims that involve the "same operative facts and same injury" and require proof of the "same elements" are considered "duplicative as opposed to alternative" and will be dismissed. *Barrow*, 38 F. Supp. 3d at 920 (dismissing a duplicative claim that alleges the same facts and injury as another claim).

Plaintiffs do not dispute that Counts Four and Five involve the same injury and require proof of the same elements as Count Three. Dkt. 64, Count Three at ¶¶ 109-115; Count Four at

¶¶ 116-124; Count Five at ¶¶ 125-133. These claims also involve the same operative facts. Although Counts Four and Five add some specific factual allegations, *see id.* at ¶ 118 (Count Four) (IBM purportedly "disclosed, redisclosed and disseminated the Diversity in Faces Dataset *to student researchers in Illinois who attended the University of Illinois at Urbana Cham*paign …"); *id.* at ¶ 127 (Count Five) (IBM purportedly "disclosed, redisclosed and disseminated the Diversity in Faces Dataset *to a machine learning researcher in Illinois* …"), Plaintiffs do not dispute that Count Three is based on and encompasses the *exact same facts* on which Counts Four and Five are based. In other words, Plaintiffs concede that Counts Four and Five are captured by the "more-broadly pled" Count Three. Dkt. 79 at 3. The illustration below shows how Counts Four and Five are encompassed by Count Three:



As reflected above, the specific factual allegations on which Plaintiffs base Counts Four and Five do not give rise to additional, alternative claims that are separate and distinct from Count Three. Simply "repackaging the same facts into two purportedly separate claims is the kind of formalist[ic] move that courts rightly reject, and should result in the dismissal of duplicative claims." *DD, Karma LLC v. Paniaguas*, 2021 WL 1239198, at *3 (N.D. Ill. Mar. 25, 2021) (internal quotations omitted); *see also Beringer v. Standard Parking O'HARE Joint Venture*, 2008 WL 4890501, at *6 (N.D. Ill. Nov. 12, 2008) (rejecting party's attempt to "plead three claims in the alternative" because there is "no point in allowing [party] to plead in the alternative … given the substantial similarity between the claims" and finding that "it is not apparent how [party] could prevail on one and not the others."); *Kraszinski v. Rob Roy Country Club Vill. Ass'n*, 2018 WL 3474528, at *4-5 (N.D. Ill. July 19, 2018) (dismissing claims as "duplicative" where the claim "parrots the earlier counts"); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 919 (N.D. Ill. 2013) (concluding that the "claims are duplicative and dismiss[ing]" claim where "Plaintiffs allege[d] identical facts and request the same remedy under the same statute"); *Swervo Ent. Grp., LLC v. Mensch*, 2017 WL 1355880, at *8 (N.D. Ill. Apr. 13, 2017), *on reconsideration on different grounds*, 2017 WL 11562550 (N.D. Ill. Oct. 16, 2017) (dismissing claim as "duplicative" because the claim "involve[d] the same operative facts, involve[d] the same injury, and require[d] proof of essentially the same elements"); *C & K NuCo, LLC v. Expedited Freightways, LLC*, 2014 WL 4913446, at *12 (N.D. Ill. Sept. 30, 2014) (dismissing claims as "duplicative" where plaintiff alleged claims with same facts and same injury).

None of the five cases relied on by Plaintiffs, *see* Dkt. 79 at 4, involved a situation where the claim was pled in the "alternative" but involved the same operative facts, same injury, and required proof of the same elements as the other claim. For example, in *In re Fluidmaster, Inc.*,

149 F. Supp. 3d 940, 963 (N.D. Ill. 2016), the plaintiffs pled an unjust enrichment in the alternative to a breach of contract and fraud claim. The court ruled that "[p]laintiffs may plead in the alternative at this stage in the litigation" but "[p]laintiffs' unjust enrichment claim may eventually give way to [p]laintiffs' breach of contract and fraud claims." *Id.* Unlike *In Re Fluidmaster, Inc.*, Plaintiffs' so-called "alternative" claims (Counts Four and Five) are already encompassed by and are duplicative of Count Three—the claims involve the same facts, injury, and require proof of the same elements. The rest of Plaintiffs' cases in support of their argument that claims be pled "in the alternative" are readily distinguishable because the plaintiffs in those cases alleged genuinely alternative theories of liability, under distinct causes of action, and thus the claims were not duplicative, as they are here. Dkt. 79 at 4.[3]

In support of IBM's partial motion to dismiss, IBM has cited numerous cases in which courts in this district dismissed claims as duplicative. Dkt. 69 at 6.[4] Plaintiffs' contention that this

---

[3] *See Donald v. Target Corp.*, 2016 WL 397377, at *2 (N.D. Ill. Feb. 2, 2016) (finding that two different claims for ordinary negligence based on distinct facts and another claim for violation of the Premises Liability Act were properly "plead as alternative claims for relief"); *F.D.I.C. v. Pantazelos*, 2013 WL 4734010, at *5 (N.D. Ill. Sep. 3, 2013) (finding negligence and breach of fiduciary duty claims properly pled in the alternative); *F.D.I.C. v. Giannoulias*, 918 F. Supp. 2d 768, 774-75 (N.D. Ill. 2013) (ruling that although claims were based "upon the same factual allegations," plaintiff's claims for negligence and breach of fiduciary "may proceed in the alternative"); *Hinton v. Vonch, LLC*, 2019 WL 3554273, at *4 (N.D. Ill. Aug. 2, 2019) (ruling that plaintiffs' "negligence theory is not duplicative of their Lanham Act theory" because "each require[s] proof of different elements.") (internal quotations omitted).

[4] *See, e.g., Kurtz v. Toepper*, 2012 WL 33012, at *1 (N.D. Ill. Jan. 6, 2012) (dismissing claims because they are based on the same operative facts and allege the same injury); *Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 326 Ill. Dec. 601, 899 N.E.2d 1252, 1270 (2008) ("plaintiff's claims for breach of fiduciary duty and breach of contract were duplicative of her claim for legal malpractice"); *see also Dahlin v. Jenner & Block, L.L.C.*, 2001 WL 855419, at *9 (N.D. Ill. July 26, 2001) (dismissing claim "as duplicative" because claim did "not allege[] anything that ha[d] not already been alleged" in other claims); *Calderon v. Sw. Bell Mobile Sys., LLC*, 2003 WL 22340175, at *6 (N.D. Ill. Oct. 10, 2003) (dismissing claim as "duplicative" because the claim did "not allege anything that ha[d] not already been alleged" in another claim); *Kirkland & Ellis v. CMI Corp.*, 1996 WL 559951, at *10-11 (N.D. Ill. Sept. 30, 1996) (finding breach of fiduciary

authority is distinguishable because here Plaintiffs have used the magic language "Plaintiffs plead … in the alternative" elevates form over substance. Adding the words "in the alternative" does not change the clear fact that Counts Four and Five are duplicative of Count Three. As such, the Court should dismiss Counts Four and Five of the TAC. *Supra* at 5.

Plaintiffs also argue that they are "within their rights to plead alternative claims highlighting the inapplicability of Defendant's affirmative defenses." Dkt. 79 at 6. This argument fails too. Plaintiffs acknowledge that they pled Counts Four and Five in an effort to avoid the conclusion that IBM's conduct did not occur "primarily and substantially in Illinois." *See Avery*, 835 N.E.2d at 854. The best argument that Plaintiffs have come up with is that ***two out of hundreds*** of researchers that received access to the DiF dataset—via an online Box folder that the New York-based IBM researchers provided via hyperlink—happened to be based in Illinois when they accessed the DiF Dataset online.[5] The Court should not permit Plaintiffs to avoid the extraterritoriality doctrine by allowing claims that narrowly focus on these discrete Illinois

---

claim and breach of professional responsibility claim as "duplicative" of legal malpractice claim because the two claims "re-allege[d]" the same elements, harm, and damages as the legal malpractice claim.)

[5] The only other contacts with Illinois that Plaintiffs point to is their own Illinois residency. But as the Illinois Supreme Court has held, the extraterritoriality analysis is not "based on the residency of the plaintiff." *Avery*, 835 N.E.2d at 851-854; *see also Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 775 (N.D. Ill. 2008) ("While the plaintiffs contend that Illinois has 'significant contacts' with each of the named class plaintiffs because each is a resident of the state and each conducts substantial business in this state, the plaintiffs point to no allegations that plausibly suggest that the purported deceptive domain scheme occurred primarily and substantially in Illinois."); *Landau v. CNA Fin. Corp.*, 381 Ill. App. 3d 61, 65, 886 N.E.2d 405, 408 (2008) ("Similar to *Avery*, in this case the majority of circumstances relating to the alleged violation [] occurred outside of Illinois."); *Phillips v. Bally Total Fitness Holding Corp.*, 372 Ill. App. 3d 53, 59, 865 N.E.2d 310, 316 (2007) (finding that "the record supports a finding that the majority of transactions [] took place outside Illinois).

contacts. Courts will not ignore the broader scope of a defendant's relevant conduct in analyzing whether the acts occurred primarily and substantially in Illinois. *See Avery*, 835 N.E.2d at 853-54 (analyzing whether "bulk of the circumstances" occurred "primarily and substantially in Illinois."); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 397 (7th Cir. 2009) (ruling that on the "totality of the facts alleged here, we agree with the district court that the circumstances of the [] activity did not occur 'primarily and substantially in Illinois'"); *Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d 1019, 1024 (N.D. Ill. 2007) ("*Avery* instructs courts to consider the totality of the circumstances in determining whether the disputed transaction occurred 'primarily and substantially' in Illinois.")

Plaintiffs' reliance on *Phillips v. Double Down Interactive, LLC*, 173 F. Supp. 3d 731, 741-742 (N.D. Ill. 2016), is misplaced. In *Phillips*, the plaintiff pled two alternative claims under the Illinois Loss Recovery Act "based on different legal theories." *Id.* at 742. Even so, the court ruled that the two alternatively pled claims "must be dismissed." *Id.* Here, by contrast, Counts Four and Five involve the same legal theory, facts, injury, and require proof of the same elements as Count Three. Plaintiffs acknowledge that they have asserted Counts Four and Five solely to focus the analysis exclusively on minimal Illinois contacts in the hope of avoiding the extraterritoriality doctrine and the dormant Commerce Clause. Dkt. 79, at 5. *Phillips* is therefore inapposite.

## II. PLAINTIFFS' COUNT NINE CONTINUES TO LACK STANDING AND SHOULD BE DISMISSED

This Court should once again dismiss Count Nine of the TAC (violation of BIPA 740 ILCS § 14/15(a)) because Plaintiffs still lack standing. And Plaintiffs have not amended their pleadings to cure this deficiency (because they cannot). Indeed, Plaintiffs' allegations regarding the alleged violation of BIPA 740 ILCS § 14/15(a) are identical to the previously dismissed Count One and no additional facts or allegations have been added to Count Nine. *Cf* Dkt. 19 at ¶¶ 68-74 to Dkt. 64 at ¶¶ 175-181. Plaintiffs do not challenge this Court's previous ruling that dismissed Plaintiffs'

claim for violation of BIPA 740 ILCS § 14/15(a) under *Bryant v. Compass*, 958 F.3d 617 (7th Cir. 2020) for lack of standing. Dkt. 48 at 5-6. Instead, Plaintiffs "reallege their § 15(a) claim *solely* to preserve any issues for appellate purposes should it become necessary." Dkt. 79 at 6. But "repleading of previously-dismissed claims is entirely unnecessary to preserve those claims for appeal." *Hernandez v. City of Chicago*, 2003 WL 22433119, at *2 (N.D. Ill. Oct. 24, 2003) (citing *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682 (7th Cir. 1990)). Moreover, Count Nine continues to lack standing, and this Court should once again this claim. *See Markakos v. Medicredit, Inc.*, 2020 WL 3960435, at *1 (N.D. Ill. July 13, 2020), *aff'd*, 2021 WL 1937267 (7th Cir. May 14, 2021) ("To the extent Plaintiff has realleged the claims previously dismissed in order to preserve them for appeal, they are again dismissed for the reasons cited in the Court's [] order."); *See Parrott v. Fam. Dollar, Inc.*, 2020 WL 1888927, at *1 (N.D. Ill. Apr. 16, 2020) (striking "previously dismissed" counts from plaintiff's third amended complaint because it was "unnecessary and improper" to "preserve them for appeal."); *Unilever United States, Inc. v. Johnson Controls, Inc.*, 2017 WL 3311038, at *1 (N.D. Ill. Aug. 2, 2017) (dismissing repleaded previously dismissed claim and finding that "[i]f [plaintiff] thinks it needs to replead an allegation that the court previously dismissed to preserve the issue, it is simply wrong.")

## CONCLUSION

For the foregoing reasons, Counts Four, Five, and Nine of Plaintiffs' TAC should be dismissed with prejudice.

9

Dated: June 2, 2021 					Respectfully Submitted,

							*/s/ Kaitlin P. Sheehan*

							Stephen A. Broome
							*Admitted Pro Hac Vice*
							QUINN EMANUEL URQUHART & SULLIVAN, LLP
							865 S. Figueroa St., 10th Floor
							Los Angeles, CA 90405
							Telephone: (213) 443-3285
							stephenbroome@quinnemanuel.com

							Lazar P. Raynal
							Kaitlin P. Sheehan
							David Lakin
							QUINN EMANUEL URQUHART & SULLIVAN, LLP
							191 N. Wacker Drive, Suite 2700
							Chicago, IL 60606-1881
							Telephone: (312) 705-7400
							lazarraynal@quinnemanuel.com
							kaitlinsheehan@quinnemanuel.com
							davidlakin@quinnemanuel.com

							***Counsel for IBM***

**CERTIFICATE OF SERVICE**

The undersigned attorney for Counsel for IBM hereby certifies that on June 2, 2021, the foregoing was electronically filed with the U.S. District Court Clerk, Northern District of Illinois, Eastern Division, by using the CM/ECF filing system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Kaitlin P. Sheehan*
Kaitlin P. Sheehan
Counsel for IBM