**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN VANCE and TIM JANECYK, for themselves and others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 20 C 577 |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant International Business Machines Corporation's ("IBM") Motion to Dismiss Plaintiffs Steven Vance and Tim Janecyk's Third Amended Class Action Complaint ("Complaint"). For the following reasons, the Court grants the Motion.

**STATEMENT**

The facts of this case are detailed in our previous Order. Dkt. # 48. Briefly, Plaintiffs allege that IBM violated the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 et seq. ("BIPA"), by collecting and using their facial scans in a dataset that was disclosed to researchers. IBM now moves to dismiss Counts Four, Five, and Nine of the Complaint.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. With this standard in mind, we address IBM's arguments in turn.

IBM first argues that Counts Four and Five are duplicative of Count Three. Count Three alleges that IBM violated BIPA Section 15(d), which prohibits the disclosure of biometric information. Counts Four and Five, which Plaintiffs say are alleged in the alternative, alleges the same: that IBM violated Section 15(d) by

disclosing their biometric information. But these two counts add a few more details. Count Four allege that IBM violated Section 15(d) when it disclosed the dataset to certain specified researchers.[1] Count Five alleges that IBM violated Section 15(d) by disclosing the dataset to different researchers.

Plaintiffs are correct that Federal Rule of Civil Procedure 8(d)(2) allows for alternative pleadings. *See Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000). A plaintiff "need not use particular words to plead in the alternative" but " they must use a formulation from which it can be reasonably inferred that this is what they were doing." *Id.* This is generally done in the form of "either-or." *Id.* But that is not the case here; Counts Four and Five are functionally identical to Count Three.

"A claim is duplicative if the parties, facts, and requested relief do not significantly differ." *Reid v. Unilever U.S. Inc.*, 964 F. Supp. 2d 893, 919 (N.D. Ill. 2013). Counts Three, Four, and Five allege the same operative facts with the same injury under the same section of BIPA. Indeed, if Plaintiffs ultimately succeed on Counts Four and Five, then they would succeed on Count Three as well. We therefore dismiss Counts Four and Five as duplicative as Count Three. *See id.* (dismissing duplicative claims because they "allege identical facts and request the same remedy under the same statute").

---

[1] The identities of the researchers were filed under seal.

Finally, IBM argues that Count Nine must be dismissed because Plaintiffs continue to lack Article III standing. Plaintiffs concede they lack standing and note they realleged the claim to preserve their appellate rights, but nonetheless ask us not to dismiss the claim because it does not "prejudice or impact the parties in any way." While we agree there may not be any prejudice in keeping the claim, we also see no prejudice in dismissing it. So, for the sake of a clear record, we dismiss Count Nine for the same reasons it was previously dismissed.[2] *See* Dkt. # 48.

Accordingly, the Motion to Dismiss is granted.

**CONCLUSION**

For the reasons stated above, the Court grants IBM's Motion to Dismiss. Counts Four, Five, and Nine are dismissed. It is so ordered.

Dated: 08/31/2021

Charles P. Kocoras
United States District Judge

[2] Neither party discusses *Fox v. Dakkota Integrated Sys. LLC*, 980 F.3d 1146 (7th Cir. 2020). In *Fox*, which was issued after this Court's Order dismissing Plaintiffs' Section 15(a) claim, the Seventh Circuit clarified when a plaintiff has Article III standing to bring a BIPA Section 15(a) claim in federal court. Since the issue was not raised, we do not address whether *Fox* changes our previous analysis.